UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE SMITH, | : | |
|     *Petitioner*, | : | |
| | : | |
| v. | : | No. 3:23-cv-588 (SVN) |
| | : | |
| ROBERT J. MCKAY, *et al.*, | : | |
|     *Respondents*. | : | |

**RULING ON PETITION FOR WRIT OF MANDAMUS**

Petitioner Lawrence Smith has filed a petition seeking a writ of mandamus *pro se*. He requests that this Court order the State of Connecticut to hold an evidentiary hearing for his habeas petition, and to "stop lying and changing and erasing anything that does not support their act of fraud." Pet., ECF No. 1 at 17. The defendants named in the petition are Robert J. McKay (the attorney representing Petitioner for his state habeas petition), Jessica Gouveia (an attorney with the Office of the State's Attorney), the Honorable John Newsome (a Connecticut Superior Court judge in Rockville, Connecticut) and the Honorable Gordon Oliver (a Connecticut Superior Court judge in Middletown, Connecticut).[1] *See* ECF No. 1 at 18. For the following reasons, Petitioner's mandamus action must be dismissed for lack of subject matter jurisdiction.

The federal mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, jurisdiction under 28 U.S.C. § 1361 "is limited to actions seeking to compel the performance of a nondiscretionary duty owed to the plaintiff." *Garmhausen v. Holder*, 757 F. Supp. 2d 123, 136–

---

[1] Petitioner may actually mean to name the Honorable Vernon Oliver, who was then a Superior Court judge in Middletown. *See* https://www.jud.ct.gov/judsearch/judsup.asp. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (court may "take judicial notice of relevant matters of public record.").

37 (E.D.N.Y. 2010).

"Mandamus is an extraordinary remedy, available only in extraordinary circumstances." *Aref v. United States*, 452 F.3d 202, 206 (2d Cir. 2006). The standard for obtaining a writ of mandamus is strict. A writ of mandamus may issue only if the petitioner can show: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (cleaned up); *accord Garhmhausen*, 757 F. Supp. 2d at 137. Section 1361 does not grant federal courts authority to enter writs of mandamus against state officials. *See Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty."); *see also Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("federal courts have no general power to compel action by state officials").

Because Petitioner seeks a writ of mandamus against state officials to order an evidentiary hearing in his state habeas action, and because he has not alleged violations of his federal constitutional rights by a federal official, a writ of mandamus is not the appropriate vehicle for relief. *See Jones v. Caputo*, No. 22-CV-1640 (LTS), 2022 WL 623499, at *4 (S.D.N.Y. Mar. 3, 2022) (denying application for writ of mandamus to compel the state court to adjudicate petitioner's pending state court motions); *see also Davis*, 851 F.2d at 74 (denying application for writ of mandamus to compel state court judge to permit counsel's use of race-based peremptory challenges). Nor can Petitioner assert a mandamus action against Attorney McKay, who is a private party and has no nondiscretionary duty to hold an evidentiary hearing for Petitioner's habeas action. To the extent Petitioner is dissatisfied by the rulings in his state habeas case, he may file an appeal to the Connecticut Appellate and Supreme Courts and, if necessary, a petition

2

for writ of certiorari in the United States Supreme Court.

If Petitioner is dissatisfied with his habeas attorney's representation of his issues in superior court, Petitioner has recourse through a state habeas action to assert ineffective assistance of habeas counsel.

The petition for writ of mandamus is DENIED.  The Clerk is directed to close this case. The Court concludes that an appeal of this order would not be taken in good faith, therefore it does not issue a certificate of appealability.

**SO ORDERED** at Hartford, Connecticut, this 26th day of October, 2023.

                 */s/ Sarala V. Nagala*
                 SARALA V. NAGALA
                 UNITED STATES DISTRICT JUDGE